O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO GONZALEZ-CORDOVA, ) | Case No. ED CV 15-1241 JCG |
| Plaintiff, ) | **MEMORANDUM OPINION AND** |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| Defendant. ) | |

Alberto Gonzalez-Cordova ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Two issues are presented for decision here:

     1.    Whether the Administrative Law Judge ("ALJ") properly discounted Plaintiff's credibility (*see* Joint Stip. at 4-9); and

     2.    Whether the ALJ's decision is supported by substantial evidence in light of additional evidence that was presented to the Appeals Council after the issuance of the ALJ's decision (*see id*. at 4, 13-15).

//

//

The Court addresses Plaintiff's contentions below, and finds that reversal is not warranted.

A.    The ALJ Provided Clear and Convincing Reasons for Discounting Plaintiff's Credibility, and Any Error in Relying on Plaintiff's Daily Activities Was Harmless

Plaintiff contends that the ALJ improperly assessed his credibility.  (*See* Joint Stip. at 4-9.)

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines a claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

Here, the ALJ provided at least three valid reasons for discounting Plaintiff's credibility.

First, there were significant gaps in Plaintiff's treatment, and infrequent trips to the doctor, for the allegedly disabling conditions.[1]  (AR at 33, 278, 281-82, 294-95, 317-19, 518, 620); *see Marsh v. Colvin*, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015) (ALJ properly considered treatment gap in assessing claimant's credibility); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ properly relied on three- to four-month treatment gap in partially discrediting claimant's testimony).

//

//

---

[1]    Notably, Plaintiff makes no attempt to dispute the factual assertions regarding the gaps in treatment – the first consisting of the initial *two years* of the relevant period – outlined by the Commissioner.  (Joint Stip. at 11); *see Schoonmaker v. Colvin*, 2015 WL 6658669, at *5 (D. Or. Oct. 30, 2015) (agreeing with Commissioner that ALJ made permissible inferences regarding intensity and persistence of symptoms based on amount and type of treatment, and that Plaintiff failed to dispute the factual assertions regarding gaps in treatment).

Second, Plaintiff's treatment for most of the relevant period was essentially routine and conservative.[2]  (AR at 31, 33, 282, 294-95, 653); *see Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") (citation omitted); *Edginton v. Colvin*, 625 F. App'x 334, 336 (9th Cir. 2015) (ALJ properly relied on claimant's "routine and conservative" back treatment, which generally consisted of medication and transcutaneous electrical nerve stimulation).

Third, Plaintiff's allegations of severe symptoms contradicted the evidence of record.[3]  (AR at 31); *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (inconsistencies with objective evidence, when combined with other factors, are valid reasons for rejecting a claimant's testimony).  For example, Plaintiff had a number of normal findings, including (1) x-rays showing normal results for Plaintiff's knees, and only mild results for his back; (2) examinations showing full, pain-free range of motion; (3) examinations showing 5/5 motor strength; (4) psychological findings ranging from none to mild; and (5) discharge in stable condition, with pain completely controlled, after passing kidney stones.  (*Id.* at 31-33, 315, 337, 339, 343-45, 351-54, 374, 531-32, 652.)

The Court agrees with Plaintiff that the ALJ's reliance on his meager activities of daily living – including completing very light household chores, driving, watering plants, feeding his dog, and going for walks – is not a convincing reason for

---

[2]     As noted by the ALJ, at the time of Plaintiff's May 2013 consultative examination (over three years after he allegedly became disabled), he had not had any physical therapy, chiropractic treatment, injections, or surgical treatment.  (AR at 31, 341.)  Moreover, although Plaintiff alleged he felt anxious and depressed, as of his June 2013 psychiatric consultative examination he was not seeing a psychiatrist, psychologist, or therapist, and had no history of psychiatric hospitalization. (AR at 32, 349, 353.)

[3]     Plaintiff fails to discuss, or even acknowledge, this aspect of the ALJ's credibility finding. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (claimant waived issues not raised before the district court); *Owens v. Colvin*, 2014 WL 5602884, at *4 (C.D. Cal. Nov. 4, 2014) (claimant's failure to discuss, or even acknowledge, ALJ's reliance on objective medical evidence and opinion evidence waived any challenge to those aspects of ALJ's credibility finding).

1  disbelieving him.  (Joint Stip. at 8; AR at 29, 33, 350); *see Vertigan v. Halter*, 260 F.3d

2  1044, 1049-50 (9th Cir. 2001) (the mere fact that claimant "carried on certain daily

3  activities, such as grocery shopping, driving a car, or limited walking or exercise, does

4  not in any way detract" from credibility as to overall disability).

5      However, any such error is harmless in light of the other valid reasons for

6  rejecting the testimony.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155,

7  1162 (9th Cir. 2008) (when ALJ provides specific reasons for discounting claimant's

8  credibility, decision may be upheld even if certain reasons were invalid as long as

9  "remaining reasoning and ultimate credibility determination" were supported by

10  substantial evidence (emphasis omitted)); *Strutz v. Colvin*, 2015 WL 4727459, at *7

11  (D. Or. Aug. 10, 2015) (upholding credibility finding because ALJ provided at least

12  one valid reason to discount claimant's testimony).

13      Thus, the ALJ's assessment of Plaintiff's credibility does not warrant reversal.

14      B.    The ALJ's Decision Is Supported by Substantial Evidence Even In

15            Light of New Evidence

16      Next, Plaintiff contends the ALJ's decision is not supported by substantial

17  evidence in light of medical evidence showing he had shoulder surgery and was

18  contemplating back surgery, which was presented to the Appeals Council after the

19  issuance of the ALJ's decision.  (Joint Stip. at 13-15; AR at 2, 654, 657, 664.)

20      As a rule, when the Appeals Council "considers new evidence in deciding

21  whether to review a decision of the ALJ, that evidence becomes part of the

22  administrative record, which the district court must consider when reviewing the

23  Commissioner's final decision for substantial evidence." *Taylor v. Comm'r Soc. Sec.

24  Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011).  When the Appeals Council declines

25  review, the ALJ's decision becomes the final decision of the Commissioner, and the

26  district court reviews that decision for substantial evidence based on the record as a

27  whole. *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012).

28

The medical evidence does not change this Court's determination that the ALJ's decision is supported by substantial evidence, for two reasons.

First, outside of Plaintiff's blanket statement that "[i]t is reasonably possible the additional records . . . would have changed the ALJ's decision," he fails to explain *how* the records show that he was unable to work within the limitations the ALJ found in his residual functional capacity ("RFC").  (Joint Stip. at 14); *see Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (new evidence sufficient to warrant remand must bear "directly and substantially on the matter in dispute"); *Dover v. Colvin*, 2014 WL 2048079, at *8 (D. Ariz. May 19, 2014) (rejecting claim that Appeals Council failed to properly consider and address additional evidence because claimant did not "explain how any of the additional evidence show[ed] that, beginning [on the alleged onset date], he was unable to perform light work as defined in [Agency regulations] with the limitations stated in the [RFC]").

Second, in any event, the records do not establish significant limitations, let alone show he was unable to work.[4]  (AR at 654-74); *see, e.g., Kassebaum v. Comm'r of Soc*. Sec., 420 F. App'x 769, 772 (9th Cir. 2011) (ALJ did not err in finding carpal tunnel syndrome was not a severe impairment because wrist operation had been successful, "at least as much as necessary to ensure that the ailment was not so severe as to interfere significantly with [claimant's] ability to work"); *Dubek v. Astrue*, 2009 WL 1155226, at *6 (W.D. Wash. Apr. 29, 2009) ("[T]he mere consideration of one possible treatment option–even one as serious as back surgery–does not by itself establish the existence of significant work-related functional limitations, let alone disability").

---

[4]      For this reason, the records actually support the Agency's determination.  They show that: (1) Plaintiff satisfactorily tolerated the removal of a cyst from his shoulder and was discharged in stable condition; (2) Plaintiff thought about back surgery, but wanted to consider it only after he resolved other medical issues; (3) further conservative treatment was recommended, such as medication, physical therapy, and changes to diet and exercise; and (4) Plaintiff admitted his pain was tolerable with medication.  (AR at 655, 660-61, 665, 667-70.)

1       Accordingly, reviewing the record as a whole, the ALJ's decision is supported
2  by substantial evidence.

3       Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered
4  **AFFIRMING** the decision of the Commissioner denying benefits.

6  DATED:    April 08, 2016

 

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication.  Nor is it
intended to be included or submitted to any online service such as
Westlaw or Lexis.**

\*\*\*